**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff**, ) | |
| v. ) | Case No. 14-20128-JAR |
| ) | |
| RUDY PEREZ, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On May 14, 2015, Defendant Rudy Perez entered into a written Fed. R. Crim. P. 11(c)(1)(C) plea agreement on one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) and one count of felon in possession of a firearm and ammunition in violation of §§ 922(g)(1) and 924(a)(2).[1]  The parties agreed to a proposed Rule 11(c)(1)(C) sentence of 24 months' imprisonment for Count 3 and 60 months' imprisonment on Count 2, which would be consecutive to one another.[2]

A presentence investigation report was prepared and calculated Defendant's base offense level at 20, a two-level increase for conduct involving at least four firearms pursuant to U.S.S.G. § 2K2.1(b)(1)(A), and a three-level decrease for acceptance of responsibility, for a total offense level of 19.[3]  Defendant's criminal history score was II, resulting in a Guidelines range of 33 to 41 months on Count 3 and a mandatory consecutive sentence of 60 months on Count 2. Defendant was subsequently sentenced to a total term of 84 months' imprisonment.[4]

---

[1] Doc. 15.

[2] *Id.* at 2.

[3] Doc. 20.

[4] Doc. 22.

This matter is now before the Court on Defendant's motion filed pursuant to 18 U.S.C. § 3582(c) to modify his sentence pursuant to Amendment 782 (Doc. 24).  Section 3582(c)(2) permits a district court to modify a sentence where it sentenced a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[5]  "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [a defendant's] request."[6]  Here, Defendant's sentence was not based on a Guidelines sentencing range.  Instead, Defendant pleaded guilty under a Rule 11(c)(1)(C) plea agreement that required a total 84-month sentence, and which did not refer to a proposed sentence "within a particular Guidelines sentencing range."[7]  Accordingly, this Court has no jurisdiction to reduce Defendant's sentence under § 3582(c)(2), and his motion is dismissed for lack of jurisdiction.[8]

Moreover, even if the Court had jurisdiction to reduce Defendant's sentence, he is ineligible for relief under Amendment 782.  The Amendment retroactively reduces base-offense levels corresponding to the same weight of controlled substances listed in U.S. Sentencing Guidelines Manual § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses.[9]  It has no effect on sentences like Defendant's, which was calculated by applying

---

[5] 18 U.S.C. § 3582(c)(2).

[6] *United States v. Gray*, 630 F. App'x 809, 811 (10th Cir. 2015) (quoting *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997)).

[7] *Freeman v. United States*, 564 U.S. 522, 538 (2011).

[8] *Gray*, 630 F. App'x at 812 (citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014)).

[9] *United Sates v. Goodwin*, —F.App'x—, 2015 WL 7974633, at *2 (10th Cir. Dec. 7, 2015).

§§ 2K2.1 and 2K2.4, the Guidelines relevant to his firearms charges.[10]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction of Sentence (Doc. 24) is DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: June 8, 2016

                                                 S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE

---

[10] U.S.S.G. Supp. App. C., amend. 788 (2014); *United States v. Gay*, 771 F.3d 681, 683 n.1 (10th Cir. 2014).